Devin D. Huseby, OSB #083670
Devin_Huseby@fd.org
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon  97501
(541) 776-3630 Telephone
(541) 776-3624 Facsimile

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:20-mj-00042-CL |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| KELLY MICHAEL BURNS, | May 6, 2021 at 11:30 a.m. |
| Defendant | |

Kelly Michael Burns faces sentencing for eight counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). The Presentence Report recommends a sentence of fifteen months to be followed by three years of supervised release. Mr. Burns respectfully requests a sentence of five years of probation.  Such a sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing outlined in 18 U.S.C. § 3553(a).

**Advisory Sentencing Guidelines Analysis**

The advisory sentencing guidelines analysis contained in the Presentence Report (PSR) is correct, and Mr. Burns does not object to the analysis. The base offense level is 12. U.S.S.G. § 2A6.1. There is a four-level increase due to the number of victims under USSG §2A6.1, comment (n.3) and USSG §3D1.4. There is a further four-level increase for causing a substantial disruption of business at the victim company under §2A6.1(b)(4). He receives a three-level decrease for acceptance of responsibility. U.S.S.G. § 3E1.1. This results in a total offense level of 17. With one criminal history point, Mr. Burns is in criminal history category I, and his advisory guideline sentence is 24-30 months.[1]

The PSR writer is recommending a nine-month variance for a sentence of fifteen months incarceration. The recommended variance is intended to account for abuse endured by Mr. Burns and for his extraordinary post-offense rehabilitation. We do not believe that the recommended variance fully accounts for the sentencing factors in 18 U.S.C. § 3553(a) and we are requesting a sentence of five years probation to fully account for those factors.

**Sentencing Factors in 18 U.S.C. § 3553(a).**

Under 18 U.S.C. 3553(a), the Court is directed to impose a sentence sufficient, but not greater than necessary to comply with the goals of sentencing identified by Congress. In particular, the Court is directed to consider: (1) the nature and circumstances of the

---

[1] For reasons that escape him at present, undersigned counsel incorrectly noted in the Plea Petition that the maximum sentence for the charge is ten, rather than five, years of incarceration. Under questioning from the Court, counsel reinforced that error. Counsel apologizes for the confusion and has correctly advised Mr. Burns of the maximum sentence.

offense and the history and characteristics of the defendant; (2) the goals of sentencing: punishment, deterrence, protection of the public, and rehabilitation of the defendant; (3) the kind of sentences available; (4) the recommended sentence under the sentencing guidelines; (5) any pertinent U.S.S.C. policy statements; (6) the need to avoid unwarranted disparities among similar defendants; and (7) the need to provide restitution to victims.

With respect to the first factor, there is no question that the offense conduct was serious, and that the victims were traumatized by that conduct. However, that conduct does not tell the story of Mr. Burns' life. As detailed in the accompanying letter, Mr. Burns has a rich trauma history and due to that history he has suffered from anxiety, depression, and post-traumatic stress disorder ("PTSD") for decades. He has also been an alcoholic his entire adult life and has used alcohol to cope with the trauma he endured. Despite his trauma history, he has led a largely productive and law abiding life. He served this country as a United States Marine and was honorably discharged as a Sergeant after serving in Vietnam. His only criminal history prior to the instant offense involved two DUII related incidents. This offense was also alcohol related and occurred while Mr. Burns was so drunk he cannot recall sending the letters with any clarity.

Most importantly, Mr. Burns has engaged in extraordinary post-offense rehabilitation. Post-offense developments must be accounted for under § 3553(a). *Pepper v. United States*, 562 U.S. 476, 490-93 (2011). Since his arrest in this case, Mr. Burns has remained sober and has successfully completed intensive inpatient treatment at the VA Southern Oregon Rehabilitation Center to address both his mental health and his alcoholism. He has now been on pretrial release for over one year without any violations,

has returned home, and is engaged in outpatient treatment with the VA in Klamath Falls. This turnabout would be remarkable for anybody and is especially remarkable given Mr. Burns' age and trauma history. Importantly, he has also demonstrated an ongoing commitment to remaining sober and continue treating his mental health. With respect to the offense, Mr. Burns has shown unreserved repentance. He expressed remorse during his psychological assessment while still incarcerated at the Jackson County Jail and apologized to the victims at the first opportunity counsel would allow it, immediately following his guilty plea.  He is not sorry he was caught but instead recognizes that his arrest has allowed him to get badly need help.

With respect to the second factor, the goals of sentencing should militate in favor of a non-custodial sentence. Aside from punishment, there is little reason to send Mr. Burns to prison. He is chastened by his conduct and is trying to remain sober as if his life depends on it. No additional deterrence is needed. As for protection of the public, Mr. Burns has now resided at home in Klamath Falls in close proximity to the victims of his offense and, though they understandably fear him, he does not pose a danger to them. Even when he was in the throes of alcoholism and delusion, he did not use the firearms in his home to attack the victims but instead sent the threats letters. At the outset of this case he voluntarily surrendered his firearms. He is now sober, medicated, and receiving treatment. Most importantly, given Mr. Burns' circumstances, prison will provide no rehabilitative benefits. Although he recognizes he has a lifetime's work ahead of him to remain sober and manage his mental health, there can be no question that his needs are best served out of custody with the benefit of continued treatment at the VA.

With respect to the third factor, this Court can either impose a supervisory sentence or a custodial sentence. A sentence of probation will allow Mr. Burns to continue seeking treatment while also being supervised. He has demonstrated that he is amenable to supervision and has been residing in the community of offense for several months without issue. His Pretrial Supervision Officer reports that he has been very easy to supervise. In the event he violates the terms of his probation, the Court will still have the opportunity to send him to prison. The term of probation we are requesting is the maximum term of probation the Court can impose and one that can ensure Mr. Burns continues on his path to recovery. In addition to his own recovery, Mr. Burns serves as a caretaker for his partner of forty-one years, Ms. Burns. Allowing him to remain in the home will ensure he can continue in that role.

A custodial sentence on the other hand could have dire consequences for Mr. Burns' physical and mental health. The COVID-19 pandemic is still raging in federal prisons and though there is some hope on the horizon, that hope has not been realized yet. There are now many variants of COVID-19 and some of the newer variants appear to be more contagious than the original variant and vaccines may be less efficacious against these new variants. At present, one of the most concerning new variants is one that emerged in Brazil, which "carries a particularly dangerous set of mutations." Michaeleen Doucleff, *Why Scientists are very Worried About the Variant from Brazil*, NPR (January 27, 2020), https://www.npr.org/sections/goatsandsoda/2021/01/27/961108577/why-scientists-are-veryworried-about-the-variant-from-brazil.This variant is ravaged Manaus, Brazil, which previously had a massive outbreak in the Spring of 2020 during which 75% of citizens

were infected with the disease, leading scientists to believe the city might have attained herd immunity. *Id*. That was not the case and the new variant is lead to another serious outbreak with reinfections. *Id*. It is also unclear whether the vaccines will confer long term immunity to COVID-19. Mr. Burns has at least two pre-existing conditions that place him at increased risk of becoming seriously ill from COVID-19: his age and asthma. *See* CDC, *People with Certain Medical Conditions*, (Apr. 28, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html; PSR at ¶ 71. In addition to physical risks, pandemic incarceration has proved exceptionally harsh with some prisons imposing repeated periods of extended lockdown. Programming is limited and inmates are suffering from the isolation. A custodial sentence could very easily derail Mr. Burns' recovery and prove counter-productive.

The fourth, fifth, and sixth factors have either been addressed in the guidelines analysis or are not particularly relevant to this case. The seventh factor is relevant. Despite the fact that he is on a fixed income, Mr. Burns has chosen not to contest any of the restitution requests in this case and wants to pay restitution to the victims. Allowing him to remain out of custody will maximize the opportunity for him to pay that restitution expeditiously.

**Recommended Sentence**

We are requesting a sentence of five years' probation. Such a sentence will allow Mr. Burns to continue in his recovery while remaining supervised and accountable. It will also allow this Court to impose a custodial sentence should he violate the terms of his

probation. For the reasons set forth above, anything more would be "greater than necessary" to further the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

Respectfully submitted this 28th day of April 2021.

/s/ Devin D. Huseby
Devin D. Huseby
Attorney for Defendant